IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROCIO MARTINEZ, MARGARITA VILLALOBOS, ALEJANDRO RAMIREZ, and CHRISTIAN TAPIA, individually and on behalf of others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 13-cv-7183 |
| VALID USA, INC., DANIEL KHOURI, QUETA RAMIREZ, TIMOTHY HOOKS, | ) ) ) ) | |
| Defendants. | ) | JURY DEMANDED |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, on behalf of themselves and other persons similarly situated, through their attorneys, Hughes Socol Piers Resnick & Dym, Ltd., complain against Defendants Valid USA, Inc., Timothy Hooks, Queta Ramirez, and Daniel Khouri as follows.

## NATURE OF THE ACTION

1. This is an action for unpaid wages brought against Valid USA, Inc. ("Valid") and the corporate officers of Valid's predecessor, Unique Mailing Services, Inc. ("UMS"). Plaintiffs bring this action against Defendants to recover unpaid wages, interest, statutory penalties, liquidated damages, and attorneys' fees and costs owed to them and other similarly situated current and former employees. Plaintiffs also bring this action to obtain declaratory and injunctive relief as well as all other relief that the Court deems appropriate.

## JURISDICTION

2. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district and because the Defendants reside in this judicial district. *See* 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiffs worked for UMS at its Bolingbrook warehouse at various times between October 8, 2010 and November 30, 2012. During this time, Plaintiffs carried out manual tasks associated with UMS's print advertisement business and were paid on an hourly basis.

5. From October 8, 2010 until approximately November 30, 2012, Tim Hooks, Queta Ramirez, and Dan Khouri (hereinafter, "the UMS Defendants") supervised the work that Plaintiffs performed at UMS and controlled the terms and conditions of their employment.

6. During relevant times, Tim Hooks was UMS's Operation Manager. He developed personnel policies, was involved in UMS's day to day operations, and had the authority to hire and fire UMS employees.

7. During relevant times, Queta Ramirez was Human Resources Manager. She developed personnel policies, was involved in UMS's day to day operations, and had the authority to hire and fire UMS employees.

8. During relevant times, Dan Khouri was UMS's President. He developed personnel policies, was involved in UMS's day to day operations, and had the authority to hire and fire UMS employees.

9. From October 8, 2010 until approximately November 30, 2012, the UMS Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203; the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/3(d); and the Illinois Wage Payment & Collection Act ("IWPCA"), 820 ILCS 115/2.

10. Defendant Valid is a Delaware corporation headquartered in Illinois.

11. On November 30, 2012, UMS sold its assets to Valid as part of UMS's Chapter 11 bankruptcy, and Valid continued operating the Bolingbrook warehouse without interruption. Plaintiffs continued working for Valid at the Bolingbrook warehouse after the November 30, 2012 asset sale.

12. After November 30, 2012, Valid was Plaintiffs' employer for purposes of the FLSA, 29 U.S.C. § 203, the IMWL, 820 ILCS 105/3(d), and the IWPCA, 820 ILCS 115/2.

**Enterprise Status**

13. From November 30, 2012 to the present, Valid constituted an "enterprise" as that term is defined in the FLSA because it performed related activities (either through unified operation or common control) for a common business purpose.

14. From October 8, 2010 until November 30, 2012, UMS and the UMS Defendants constituted an "enterprise" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose.

**Unpaid Overtime**

15. From October 8, 2010 until it sold its assets to Valid, UMS failed to pay Plaintiffs appropriate overtime premium pay as required by the FLSA and IMWL.

16. The UMS Defendants' FLSA and IMWL violations stemmed from a miscalculation of the Plaintiffs' regular rate of pay. Instead of including all remuneration paid to the workers when calculating the Plaintiffs' regular rate, UMS failed to include money paid to workers for lunch breaks and weekly production bonuses. *See* 29 C.F.R. § 778.218(b); 29 C.F.R. § 778.502(d).

17. Consequently, when Plaintiffs worked more than forty hours in a workweek, UMS paid them substantially less than one-and-a-half times Plaintiffs' regular hourly rate for hours worked in excess of forty in a workweek.

18. Sample paychecks revealing UMS's miscalculation of Plaintiffs' regular rate are attached as Exhibit A.

19. When Valid took over operations of UMS's Bolingbrook operation on approximately November 30, 2012, it continued engaging in the same FLSA and IMWL violations.

20. Sample paychecks disclosing Valid's continued miscalculation of Plaintiffs' regular rate of pay are attached as Exhibit B.

21. The Bolingbrook warehouse employed more than one-hundred hourly employees at any given time after October 8, 2010. On information and belief, most, if not all, of UMS's employees worked more than forty hours in a workweek, and their regular rate was uniformly miscalculated.

**Unpaid Minimum Wage**

22. On August 26, 2011, UMS issued to Rocio Martinez and Margarita Villalobos paychecks that included substantial deductions from their wages. These unexplained deductions reduced Martinez's and Villalobos's wages below the state and federal minimum wage.

23. Paycheck stubs showing these illegal deductions are attached as Exhibit C.

**Unpaid Vacation and Holiday Pay**

24. When UMS laid off its workforce in November 2012, most of its employees, including Plaintiffs, had earned and accrued substantial paid vacation time pursuant to UMS's paid vacation policy.

25. When UMS laid off its workforce in November 2012, the UMS Defendants did not pay their employees the monetary equivalent of all earned vacation time.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

26. Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA overtime requirement, as an opt-in representative or collective action on behalf of themselves and an **"UMS - FLSA Overtime Class,"** consisting of all individuals who worked for UMS as an hourly employee between October 8, 2010 and November 30, 2012 and worked a total of more than forty hours in a workweek. Pursuant to 29 U.S.C. § 216, additional individuals who have joined in bringing these claims are named in the attached consent forms. *See* Exhibit D.

27. Plaintiffs bring the claims in Count II, alleging violations of the IMWL, on behalf of themselves and an **"UMS - IMWL Overtime Class,"** consisting of all individuals who worked for UMS as an hourly employee between October 8, 2010 and November 30, 2012 and who worked a total of more than forty hours in a workweek.

28. There are legal and factual questions that are common to Plaintiffs' and UMS - Illinois Overtime Class Members' claims under the IMWL that predominate over any question(s) solely affecting individual members of the class. One such question is whether the UMS Defendants engaged in a pattern, practice, or policy of forcing, suffering, or permitting employees to work in excess of forty hours in a work week and failing to compensate them at one-and-a-half times their regular rate of pay for overtime hours.

29. Plaintiffs bring the claims set forth in Count III, alleging violations of the FLSA overtime requirement, as an opt-in representative or collective action on behalf of themselves and a **"Valid - FLSA Overtime Class,"** consisting of all individuals who worked for Valid as an hourly employee between November 30, 2012 and April 1, 2013 and who worked a total of more than forty hours in a workweek.

30. Plaintiffs bring the claims in Count IV, alleging violations of the IMWL, on behalf of themselves and a **"Valid - IMWL Overtime Class,"** consisting of all individuals who worked for Valid as an hourly employee between November 30, 2012 and April 1, 2013 and who worked a total of more than forty hours in a workweek. Pursuant to 29 U.S.C. § 216, additional individuals who have joined in bringing these claims are named in the attached consent forms. *See* Exhibit D.

31. There are legal and factual questions that are common to Plaintiffs' and Valid - Illinois Overtime Class Members' claims under the IMWL that predominate over any question(s) solely affecting individual members of the class. One such question is whether Valid engaged in a pattern, practice, or policy of forcing, suffering, or permitting employees to work in excess of forty hours in a work week and failing to compensate them at one-and-a-half times their regular rate of pay for overtime hours.

32. Plaintiffs bring the claims in Count VII, alleging violations of the IWPCA, on behalf of themselves and an **"UMS - Vacation Pay Class,"** consisting of all individuals (1) whose employment with UMS terminated on or about November 30, 2012 (2) and had accrued paid vacation days pursuant to UMS's employment policy.

33. There are legal and factual questions that are common to Plaintiffs' and the UMS Vacation Pay Class Members' claims under the IWPCA that predominate over any question(s) solely affecting individual members of the class. One such question is whether the UMS Defendants engaged in a pattern, practice, or policy of not paying separated employees the monetary equivalent of all unused vacation time to which they were entitled under the terms of UMS's employment policy.

34. The Classes for whose benefit this action is brought are each so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court.

35. Plaintiffs will fairly and adequately protect the interests of the Classes that they seek to represent. Plaintiffs' claims are typical of the claims of other Class Members because Plaintiffs were hourly employees of UMS and Valid who, like the other members of the Classes, sustained damage arising out of the Defendants' failure to pay overtime premium pay and the UMS Defendants' failure to pay earned vacation time.

36. Plaintiffs have retained counsel competent and experienced in complex and class action litigation, including wage and hour litigation.

37. A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum

simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

38. The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

## COUNT I
### UMS - FLSA Overtime Class
*(Brought by all Plaintiffs against the UMS Defendants*

39. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

40. The UMS Defendants willfully refused to pay overtime premiums required by FLSA, 29 U.S.C. § 207(a), which requires an employer to pay its hourly, non-exempt employees at a rate of not less than one-and-a-half times the regular rate of pay for all hours worked in excess of forty in any workweek.

41. The UMS Defendants' FLSA violations were clear and obvious. The miscalculation of the Plaintiffs' regular rate can be determined simply by examining the Plaintiffs' paychecks.

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment against the UMS Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that the UMS Defendants' conduct violated the FLSA.

d. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

## COUNT II
## UMS - IMWL Overtime Class
*(Brought by all Plaintiffs and all others similarly situated against the UMS Defendants)*

42. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

43. This count is brought against the UMS Defendants on behalf of:

all individuals who worked for UMS as an hourly employee between October 8, 2010 and November 30, 2012 and who worked a total of more than forty hours in a workweek.

44. The UMS Defendants refused to pay overtime premiums as required by the IMWL, 820 ILCS 105/4, which requires an employer to pay its hourly, non-exempt employees at a rate of not less than one-and-a-half times the regular rate of pay for all hours worked in excess of forty in any workweek.

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment against the UMS Defendants and issue an order:

a. Certifying a class as defined in this count;

b. Appointing Plaintiffs as representatives of the class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate 820 ILCS 105/4;

e. Awarding unpaid wages due as provided by the IMWL;

f. Awarding prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

g. Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

h. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

i. Providing injunctive relief requiring the UMS Defendants to pay all statutorily-required wages and penalties and barring future violations; and

j. Awarding such other relief as this Court deems just and proper.

## COUNT III
### Valid - FLSA Overtime Class
*(Brought by all Plaintiffs against Valid)*

45. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

46. Valid willfully refused to pay overtime premiums required by the FLSA, 29 U.S.C. § 207(a), which requires an employer to pay its hourly, non-exempt employees at a rate of not less than one-and-a-half times the regular rate of pay for all hours worked in excess of forty in any workweek.

47. Valid's FLSA violations were clear and obvious. The miscalculation of the Plaintiffs' regular rate can be determined simply by examining the Plaintiffs' paychecks.

### PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment against Valid and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Valid's conduct violated the FLSA;

d. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f.    Awarding such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Valid - IMWL Overtime Class
*(Brought by all Plaintiffs and others similarly situated against Valid)*

48.    Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

49.    This count is brought against Valid on behalf of:

all individuals who worked for Valid as an hourly employee between November 30, 2012 and April 1, 2013 and who worked a total of more than forty hours in a workweek.

50.    Valid refused to pay overtime premiums as required by the IMWL, 820 ILCS 105/4, which requires an employer to pay its hourly, non-exempt employees at a rate of not less than one-and-a-half times the regular rate of pay for all hours worked in excess of forty in any workweek.

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment against Valid and issue an order:

a.    Certifying a class as defined in this count;

b.    Appointing Plaintiffs as representatives of the class;

c.    Appointing the undersigned counsel as class counsel;

d.    Declaring that the actions complained of herein violate 820 ILCS 105/4;

e.    Awarding unpaid wages due as provided by the IMWL;

f.    Awarding prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

g.    Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

h.    Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

    i.      Providing injunctive relief requiring Defendants to pay all statutorily-required wages and penalties and barring future violations; and

    j.      Awarding such other relief as this Court deems just and proper.

## COUNT V
### IMWL Minimum Wage Claim
*(Brought by Plaintiffs Rocio Martinez and Margarita Villalobos against the UMS Defendants)*

51.    Plaintiffs Rocio Martinez and Margarita Villalobos incorporate by reference each of the preceding allegations as though fully set forth herein.

52.    On August 26, 2011, the UMS Defendants' failed to pay Plaintiffs at a rate of $7.25 per hour for work performed during the previous payroll period, as required by the IMWL.

### PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment against the UMS Defendants and issue an order:

    a.      Declaring that the actions complained of herein violate 820 ILCS 105/4;

    b.      Awarding unpaid wages due as provided by the IMWL;

    c.      Awarding prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

    d.      Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

    e.      Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

    f.      Providing injunctive relief requiring the UMS Defendants to pay all statutorily-required wages and penalties and barring future violations; and

    g.      Awarding such other relief as this Court deems just and proper.

## COUNT VI
## FLSA Minimum Wage Claim
**(Brought by Plaintiff Rocio Martinez and Margarita Villalobos against the UMS Defendants)**

53. Plaintiffs Rocio Martinez and Margarita Villalobos incorporate by reference each of the preceding allegations as though fully set forth herein.

54. On August 26, 2011, the UMS Defendants' willfully failed to pay Plaintiffs at a rate of $7.25 per hour for work performed during the previous payroll period, as required by FLSA, 29 U.S.C. § 206(a).

## PRAYER FOR RELIEF

Plaintiffs Rocio Martinez and Margarita Villalobos ask the court to enter judgment against the UMS Defendants and issue an order:

a. Entering judgment in the amount of all unpaid minimum wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

b. Declaring that the UMS Defendants' conduct violated the FLSA.

c. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

d. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

e. Awarding such other and further relief as this Court deems appropriate and just.

## COUNT VII
## UMS – Vacation Pay Class
*(Brought by all Plaintiffs against UMS Defendants)*

55. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

56. This count is brought against the UMS Defendants on behalf of:

all individuals (1) whose employment with UMS terminated on or about November 30, 2012 and (2) had accrued paid vacation days pursuant to UMS's employment policy.

57. The UMS Defendants refused to pay their employees the monetary equivalent of all unused vacation time earned at the time of separation, in violation of the IWPCA, 820 ILCS 115/5.

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment against the UMS Defendants and issue an order:

a. Certifying a class as defined in this count;

b. Appointing Plaintiffs as representatives of the class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violated the IWPCA, 820 ILCS 115/5;

e. Awarding to Plaintiffs and Class Members the monetary equivalent of all unused vacation time and prejudgment interest as provided by the IWPCA;

f. Awarding to Plaintiffs and Class Members penalties in the amount of 2% of the monetary equivalent of all unused vacation time for each month the unpaid vacation time remains delinquent, as contemplated by 820 ILCS 115/14(a);

g. Awarding attorney's fees and costs of this action as provided by the IWPCA; and

h. Awarding such other relief as this Court deems just and proper.

## Jury Demand

Plaintiffs demand a jury trial on all claims for which a jury trial is available.

October 8, 2013  Respectfully submitted,

 /s/ Christopher J. Wilmes
One of the Attorneys for Plaintiffs

Matthew J. Piers (ARDC No. 2206161)
Kalman D. Resnick (ARDC No. 2318482)
Christopher J. Wilmes (ARDC No. 6287688)
**Hughes Socol Piers Resnick & Dym, Ltd.**
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 580-0100