IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROCIO MARTINEZ, MARGARITA VILLALOBOS, ALEJANDRO RAMIREZ, and CHRISTIAN TAPIA, individually and on behalf of others similarly situated, | ) ) ) ) ) ) | CASE NO. 13-cv-7183 Judge Virginia Kendall |
| Plaintiffs, | ) ) | Magistrate Judge Michael Mason |
| v. | ) ) | |
| VALID USA, INC., DANIEL KHOURI, PARAMESWARI VELUCHAMY, PETHINAIDU VELUCHAMY, and TIMOTHY HOOKS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE ON DEFENDANTS PARAMESWARI AND PETHINAIDU VELUCHAMY**

Rocio Martinez, Margarita Villalobos, Alejandro Ramirez, and Christian Tapia ("Plaintiffs"), pursuant to Rule 4(m) and 6(b)(1) of the Federal Rules of Civil Procedure, move for a 30-day extension of time to serve process on Defendants Parameswari Veluchamy and Pethinaidu Veluchamy ("the Veluchamys") up to and including August 22, 2014. In support of this Motion, Plaintiffs state as follows:

1. On October 8, 2013, Plaintiffs filed this lawsuit against Valid USA, Inc., Daniel Khouri, and Timothy Hooks.

2. On January 2, 2014, Plaintiffs filed an Amended Complaint adding the Veluchamys as named Defendants. That same day, the Clerk issued summonses for the Veluchamys.

3. On January 3, 2014, Plaintiffs delivered the summonses and the Amended Complaint to a professional process server, ATG Legal Serve, Inc. ("ATG"), to effectuate service of process on the Veluchamys.

4. From January 8 - 26, 2014, ATG attempted to serve the Veluchamys at three published addresses: 3001 Oakbrook Hills Road, Oak Brook, IL 60523, 3005 Oakbrook Hills Road, Oak Brook, IL 60523, and 25 E. Superior, Chicago IL 60611.

5. ATG attempted to serve the Veluchamys 11 times at the 3001 Oakbrook Hills Road address, 1 time at the 3005 Oak Brook Hills Road address, and 1 time at the 25 E. Superior, Chicago IL address. *See* Exhibit A (affidavits of ATG process servers). ATG was unable to locate the Veluchamys at any of the three locations, and Plaintiffs were unable to obtain alternative addresses to serve the Defendants.[1]

6. On May 7, 2014, the Court granted Plaintiffs an extension – until June 5, 2014, to serve the Veluchamys. At that point, Plaintiffs attempted to serve the Veluchamys at a business they frequent, but the Plaintiffs were again unable to locate them.

7. On June 30, 2014, the parties participated in a settlement conference, but the settlement conference did not result in a resolution of the case. At the end of the settlement conference, the Court instructed the parties to continue discussing settlement until the July 31, 2014 status hearing.

8. At this point, a global settlement seems unlikely.

---

[1] One reason that it has been difficult to serve the Veluchamys is that in July 2013 they sold their primary residence, located at 2700 Oakbrook Rd., Oakbrook IL, and Plaintiffs could not obtain a new address for them.

9. Plaintiffs now request an additional 30 days to serve the Veluchamys, as they have again obtained new information about their possible whereabouts.

10. Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant 120 days after the filing of a complaint. "A plaintiff who misses the 120 day deadline [for serving a defendant] has two options: she can show good cause for missing the deadline, which must include a showing of at least 'reasonable diligence'; or the court can grant a discretionary extension of time for service." *Bell v. City of Chicago*, 03 C 2117, 2004 WL 3119015 (N.D. Ill. Dec. 20, 2004)

11. Plaintiffs have demonstrated that they acted diligently in attempting to effectuate service. They hired a process server who attempted to serve the Veluchamys thirteen different times at three different addresses during the month of January. Additionally, during the past two months, Plaintiffs have been investigating the locations of Veluchamys' possible residences and workplaces.

12. Even if the Court determines that Plaintiffs cannot show good cause for missing the deadline, the Court, in its discretion, can and should grant a short extension on the time for service. *Id*. The Court has not yet established a discovery schedule, and the parties are scheduled to attend a status hearing on July 31, 2014 for that purpose. Accordingly, the Veluchamys will suffer no prejudice if the Court grants this motion.

WHEREFORE, Plaintiffs ask the Court to grant their motion and allow them until August 22, 2014 to effectuate service on the Veluchamys.

July 22, 2014                                                              Respectfully submitted,

                                                                       /s/ Christopher J. Wilmes
                                                                       One of the Attorneys for Plaintiffs

Matthew J. Piers (ARDC No. 2206161)
Kalman D. Resnick (ARDC No. 2318482)
Christopher J. Wilmes (ARDC No. 6287688)
**Hughes Socol Piers Resnick & Dym, Ltd.**
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 580-0100