## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ROCIO MARTINEZ, MARGARITA VILLALOBOS, ALEJANDRO RAMIREZ, and CHRISTIAN TAPIA, individually and on behalf of others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| VALID USA, INC., DANIEL KHOURI, PARAMESWARI VELUCHAMY, PETHINAIDU VELUCHAMY, AND TIMOTHY HOOKS, | ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No.: 13-CV-7183

Judge Virginia M. Kendall

Magistrate Judge Michael T. Mason

TRIAL BY JURY DEMANDED

## DEFENDANT DAN KHOURI'S ANSWER TO PLAINTIFFS' AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Now comes Defendant Dan Khouri ("Khouri"), by and through his attorney, Kenneth A. Henry, and, in response to the Amended Class and Collective Action Complaint ("Amended Complaint") filed by Rocio Martinez, Margarita Villalobos, Alejandro Ramirez and Christian Tapia ("Plaintiffs")[1], answers as follows:

## NATURE OF THE ACTION

1.      This is an action for unpaid wages brought against Valid USA, Inc. ("Valid") and the owners and corporate officers of Valid's predecessor, Unique Mailing Services, Inc. ("UMS"). Plaintiffs bring this action against Defendants to recover unpaid wages, interest, statutory penalties, liquidated damages, and attorneys' fees and costs owed to them and other similarly situated current and former employees. Plaintiffs also bring this action to obtain declaratory relief as well as all other relief that the Court deems appropriate.

---

[1]      Any references to "Plaintiffs" in Defendant Khouri's Answer refer to those individually named Plaintiffs identified in the case caption above.

**ANSWER**: Defendant Khouri admits that Plaintiffs allege that Plaintiffs and similarly situated individuals are due unpaid wages and seek to recover such wages, interest, statutory penalties, liquidated damages and attorneys' fees and costs from Defendants. Defendant Khouri denies that he is liable for these allegedly unpaid wages and denies that Plaintiffs are entitled to any of the requested relief. Defendant Khouri denies the remaining allegations in this paragraph.

## JURISDICTION

2. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER**: Defendant Khouri admits that this Court has subject matter and supplemental jurisdiction over Plaintiffs' claims. Defendant Khouri denies that he violated the FLSA, the IMWL, the IWPCA, or any other federal or state law.

## VENUE

3. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district and because the Defendants reside in this judicial district. *See* 28 U.S.C. § 1391(b).

**ANSWER**: Defendant Khouri admits that this Court is a proper venue for this action. Defendant Khouri denies that he violated the FLSA, the IMWL, the IWPCA, or any other federal or state laws. Defendant Khouri denies the remaining allegations in this paragraph.

## PARTIES

4. Plaintiffs worked for UMS at its Bolingbrook warehouse at various times between October 8, 2010 and November 30, 2012. During this time, Plaintiffs carried out manual tasks associated with UMS's print advertisement business and were paid on an hourly basis.

**ANSWER**:   On information and belief, Defendant Khouri admits that Plaintiffs worked at

UMS's facility in Bolingbrook at various times and that they received pay based in part on an

hourly rate. Defendant Khouri denies the remaining allegations in this paragraph.


5.   From October 8, 2010 until approximately November 30, 2012, Tim Hooks and Dan

Khouri (hereinafter, "the UMS Defendants") supervised the work that Plaintiffs performed at

UMS and controlled the terms and conditions of their employment. During this same time,

Pethinaidu Veluchamy and Parameswari Veluchamy ("the Veluchamy Defendants") had an

ownership interest in UMS and controlled decisions about Plaintiffs' rate of pay.

**ANSWER**:   Defendant Khouri admits that Defendant Hooks supervised the work that

Plaintiffs performed at UMS' s Bolingbrook facility and, together with Queta Ramirez, UMS

Human Resources Manager, controlled the terms and conditions of their employment.

Defendant Khouri admits that he supervised Defendant Hooks at UMS's Bolingbrook facility.

Defendant Khouri further admits that, among other things, the Veluchamy Defendants had an

ownership interest in UMS, and, among other things, controlled decisions regarding Plaintiffs'

rate of pay. Defendant Khouri denies the remaining allegations in this paragraph.


6.   During relevant times, Timothy Hooks was UMS's Operation Manager. He developed

personnel policies, was involved in UMS's day to day operations, and had the authority to hire

and fire UMS employees.

**ANSWER**:   Defendant Khouri admits that Timothy Hooks was the Operation Manager at

UMS's Bolingbrook facility; that Hooks was involved in the day to day operations of that

facility; that Hooks, together with Queta Ramirez, UMS Human Resources Manager, was

involved in the development and implementation of certain policies at that facility; that Hooks

had the authority to terminate UMS production employees under certain circumstances; and that

Hooks was involved in the decision to hire and fire certain UMS employees. Defendant Khouri denies the remaining allegations in this paragraph.

7.     During relevant times, Daniel Khouri was UMS's President. He developed UMS's personnel policies, made decisions about UMS employees' rates of pay, was involved in UMS's day to day operations, and had the authority to hire and fire UMS employees.

**ANSWER**:     Defendant Khouri admits that, from October 8, 2010 until on or about January 1, 2013, he was UMS's President, that he was somewhat involved in UMS's day to day operations, and that he had the authority to hire and fire UMS employees.  Defendant Khouri denies the remaining allegations in this paragraph.

8.     During relevant times, Pethinaidu Veluchamy and Parameswari Veluchamy had an ownership interest in UMS, developed UMS's personnel policies, made decisions about Plaintiffs' rates of pay, and had the authority to hire and fire UMS employees.

**ANSWER**:     Defendant Khouri admits that Pethinaidu Veluchamy and Parameswari Veluchamy had an ownership interest in UMS until on or about November 30, 2012. Defendant Khouri further admits that, among other things, the Veluchamy Defendants were involved with the development of and/or the approval of UMS's personnel policies, made decisions about and/or controlled Plaintiffs' rates of pay, and had the authority to hire and fire UMS employees. Defendant Khouri denies the remaining allegations in this paragraph.

9.     On August 16, 2011, the Veluchamy Defendants filed for Chapter 7 bankruptcy protection.

**ANSWER**:     On information and belief, Defendant Khouri admits the allegations in this paragraph.

10.     From October 8, 2010 until approximately November 30, 2012, the UMS Defendants and the Veluchamy Defendants were Plaintiffs' employers within the meaning of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 203; the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/3(d); and the Illinois Wage Payment & Collection Act ("IWPCA"), 820 ILCS 115/2.

**ANSWER**: Defendant Khouri denies that he was Plaintiffs' employer under the FLSA, IMWL and IWPCA. Defendant Khouri admits that UMS was Plaintiffs' employer under the FLSA, IMWL and IWPCA during this period. Defendant Khouri lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. Defendant Khouri denies the remaining allegations in this paragraph.

11.    Defendant Valid is a Delaware corporation headquartered in Illinois.

**ANSWER**:    On information and belief, Defendant Khouri admits the allegations in this paragraph.

12.    On November 30, 2012, UMS sold its assets to Valid as part of UMS's Chapter 11 bankruptcy, and Valid continued operating the Bolingbrook warehouse without interruption. Plaintiffs continued working for Valid at the Bolingbrook warehouse after the November 30, 2012 asset sale.

**ANSWER**:    On information and belief, Defendant Khouri admits that, on or about November 30, 2012, Valid purchased certain assets from a bankruptcy estate that included UMS, and that most if not all Plaintiffs began working for Valid at its Bolingbrook facility on or about December 3, 2012. Defendant Khouri denies the remaining allegations in this paragraph.

13.    After November 30, 2012, Valid was Plaintiffs' employer for purposes of the FLSA, 29 U.S.C. § 203, the IMWL, 820 ILCS 105/3(d), and the IWPCA, 820 ILCS 115/2.

**ANSWER**:    Defendant Khouri admits that, on or about December 3, 2012, Valid became Plaintiffs' employer as defined by the FLSA, IMWL and IWPCA, but denies the remaining allegations in this paragraph.

**Enterprise Status**

14.     From November 30, 2012 to the present, Valid constituted an "enterprise" as that term is defined in the FLSA because it performed related activities (either through unified operation or common control) for a common business purpose.

**ANSWER**:     Defendant Khouri admits that Valid is an enterprise as defined by the FLSA, but denies the remaining allegations in this paragraph.

15.     From October 8, 2010 until November 30, 2012, UMS, the UMS Defendants, and the Veluchamy Defendants constituted an "enterprise" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose.

**ANSWER**: Defendant Khouri admits that UMS was an enterprise as defined by the FLSA, but denies the remaining allegations in this paragraph.

**Unpaid Overtime**

16.     From October 8, 2010 until it sold its assets to Valid, the UMS Defendants and the Veluchamy Defendants failed to pay Plaintiffs appropriate overtime premium pay as required by the FLSA and IMWL.

**ANSWER**:     Defendant Khouri denies the allegations in this paragraph.

17.     The UMS Defendants' and Veluchamy Defendants' FLSA and IMWL violations stemmed from a miscalculation of Plaintiffs' regular rate of pay.

**ANSWER**: Defendant Khouri denies that he violated the FLSA, the IMWL or any other federal or state laws. Defendant Khouri denies the remaining allegations in this paragraph.

18.     When calculating Plaintiffs' regular rate, UMS failed to include money paid to workers for lunch breaks. *See* 29 C.F.R. § 778.218(b).

**ANSWER**:     Defendant Khouri denies that he violated the FLSA, the IMWL or any other federal or state laws. Defendant Khouri lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph. Defendant Khouri denies the remaining allegations in this paragraph.

19.     When calculating Plaintiffs' regular rate, UMS failed to include money paid to workers for weekly production bonuses. 29 C.F.R. § 778.502(d).

**ANSWER**:     Defendant Khouri lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendant Khouri denies that he violated the FLSA, the IMWL or any other federal or state laws. Defendant Khouri denies the remaining allegations in this paragraph.

20.     Consequently, when Plaintiffs worked more than forty hours in a workweek, UMS paid them substantially less than one-and-a-half times Plaintiffs' regular hourly rate for hours worked in excess of forty in a workweek.

**ANSWER**:     On information and belief, Defendant Khouri denies the allegations in this paragraph.

21.     Sample paychecks revealing UMS's miscalculation of Plaintiffs' regular rate are attached as Exhibit A.

**ANSWER**:     Defendant Khouri admits that Plaintiffs purport to attach sample paychecks to the Amended Complaint as Exhibit A. Defendant Khouri denies the remaining allegations in this paragraph.

22.     When Valid took over operations of UMS's Bolingbrook operation on approximately November 30, 2012, it continued engaging in the same FLSA and IMWL violations.

**ANSWER**:     Defendant Khouri denies the allegations in this paragraph.

23.     When calculating Plaintiffs' regular rate, Valid failed to include money paid to Plaintiffs for lunch breaks.

**ANSWER**:     Defendant Khouri lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendant Khouri denies that he violated the FLSA, the IMWL, the IWPCA, or any other federal or state laws.  Defendant Khouri denies the remaining allegations in this paragraph.

24.     When calculating the Plaintiffs' regular rate, Valid failed to include money paid to workers for weekly production bonuses.

**ANSWER**:     Defendant Khouri lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendant Khouri denies that he violated the FLSA, the IMWL, the IWPCA, or any other federal or state laws.  Defendant Khouri denies the remaining allegations in this paragraph.

25.     Sample paychecks disclosing Valid's continued miscalculation of Plaintiffs' regular rate of pay are attached as Exhibit B.

**ANSWER**:     Defendant Khouri admits that Plaintiffs purport to attach sample paychecks to the Amended Complaint as Exhibit B. Defendant Khouri denies the remaining allegations in this paragraph.

26.     The Bolingbrook warehouse employed more than one-hundred hourly employees at any given time after October 8, 2010. On information and belief, most of UMS's employees worked more than forty hours in a workweek, and their regular rate was uniformly miscalculated.

**ANSWER**:     Defendant Khouri admits that, at various times after October 8, 2010, the Bolingbrook facility employed more than one hundred employees. Defendant Khouri denies the remaining allegations in this paragraph.

**Unpaid Minimum Wage**

27.     On August 26, 2011, UMS issued to Rocio Martinez and Margarita Villalobos paychecks that included substantial deductions from their wages. These unexplained deductions reduced Martinez's and Villalobos's wages below the state and federal minimum wage.

**ANSWER**:     Defendant Khouri denies the allegations in this paragraph.

28.     Paycheck stubs showing these illegal deductions are attached as Exhibit C.

**ANSWER**:     Defendant Khouri admits that Plaintiffs purport to attach paychecks to the Amended Complaint as Exhibit C. Defendant Khouri denies the remaining allegations in this paragraph.

**Unpaid Vacation and Holiday Pay**

29.     When UMS laid off its workforce in November 2012, most of its employees, including Plaintiffs, had earned and accrued substantial paid vacation time pursuant to UMS's paid vacation policy.

**ANSWER**:     Defendant Khouri denies the allegations in this paragraph.

30.     When UMS laid off its workforce in November 2012, the UMS Defendants did not pay their employees the monetary equivalent of all earned vacation time.

**ANSWER**:     Defendant Khouri lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendant Khouri further denies that the UMS employees who were subsequently rehired by Valid were denied any earned vacation benefits. Defendant Khouri denies the remaining allegations in this paragraph.

31.     When Plaintiffs ended their employment with Valid in 2013, Valid did not pay Plaintiffs and the other workers the monetary equivalent of three "floating holidays" that they accrued when working for Valid.

**ANSWER**:     Defendant Khouri lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendant Khouri denies the remaining allegations in this paragraph.

32.     Valid's floating holiday policy is attached as Exhibit D.

**ANSWER**:     Defendant Khouri admits that Plaintiffs purport to attach Valid's floating holiday policy as Exhibit D. Defendant Khouri denies the remaining allegations in this paragraph.

33.     Plaintiffs worked for Valid for more than ninety days.

**ANSWER**:     Defendant Khouri admits the allegations in this paragraph.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

34.     Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA overtime requirement, as an opt-in representative or collective action on behalf of themselves and an **"UMS - FLSA Overtime Class,"** consisting of all individuals who worked for UMS as an hourly employee between October 8, 2010 and November 30, 2012 and who worked a total of more than forty hours in a workweek. Pursuant to 29 U.S.C. § 216, additional individuals who have joined in bringing these claims are named in the consent forms attached to Plaintiffs' original Complaint.

**ANSWER**:     Defendant Khouri admits that Plaintiffs' Amended Complaint purports to bring claims alleging violations of the FLSA overtime requirement on behalf of themselves and other former employees of UMS. Defendant Khouri denies that the UMS-FLSA Overtime Class as defined in this paragraph is appropriate. Defendant Khouri further denies that Plaintiffs are entitled to any of the requested relief and that the UMS Defendants violated the FLSA or any other federal or state laws. Defendant Khouri denies the remaining allegations in this paragraph.

35.     Plaintiffs bring the claims in Count II, alleging violations of the IMWL, on behalf of themselves and an **"UMS - IMWL Overtime Class,"** consisting of all individuals who worked

for UMS as an hourly employee between October 8, 2010 and November 30, 2012 and who worked a total of more than forty hours in a workweek.

**ANSWER**:    Defendant Khouri admits that Plaintiffs' Amended Complaint purports to bring claims alleging violations of the IMWL overtime requirement on behalf of themselves and other former employees of UMS. Defendant Khouri denies that the UMS-IMWL Overtime Class as defined in this paragraph is appropriate. Defendant Khouri further denies that Plaintiffs are entitled to any of the requested relief and denies that the UMS Defendants violated the IMWL or any other federal or state laws. Defendant Khouri denies the remaining allegations in this paragraph.

36.    There are legal and factual questions that are common to Plaintiffs' and UMS - IMWL Overtime Class Members' claims under the IMWL that predominate over any question(s) solely affecting individual members of the class. One such question is whether the UMS Defendants engaged in a pattern, practice, or policy of forcing, suffering, or permitting employees to work in excess of forty hours in a work week and failing to compensate them at one-and-a-half times their regular rate of pay for overtime hours.

**ANSWER**:    Defendant Khouri denies the allegations in this paragraph.

37.    Plaintiffs bring the claims set forth in Count III, alleging violations of the FLSA overtime requirement, as an opt-in representative or collective action on behalf of themselves and an **"Veluchamy - FLSA Overtime Class,"** consisting of all individuals who worked for UMS as an hourly employee between August 17, 2011 and November 30, 2012 and who worked a total of more than forty hours in a workweek. Pursuant to 29 U.S.C. § 216, additional individuals who have joined in bringing these claims are named in the consent forms attached to Plaintiffs' original Complaint.

**ANSWER**:    Defendant Khouri admits that Plaintiffs' Amended Complaint purports to bring claims alleging violations of the FLSA overtime requirement on behalf of themselves and other

former employees of UMS. Defendant Khouri denies that the Veluchamy-FLSA Overtime Class as defined in this paragraph is appropriate and further denies the remaining allegations in this paragraph.

38.     Plaintiffs bring the claims in Count IV, alleging violations of the IMWL, on behalf of themselves and an **"Veluchamy - IMWL Overtime Class,"** consisting of all individuals who worked for UMS as an hourly employee between August 17, 2011 and November 30, 2012 and who worked a total of more than forty hours in a workweek.

**ANSWER**:     Defendant Khouri admits that Plaintiffs' Amended Complaint purports to bring claims alleging violations of the IMWL overtime requirement on behalf of themselves and other former employees of UMS. Defendant Khouri denies that the Veluchamy-IMWL Overtime Class as defined in this paragraph is appropriate and further denies the remaining allegations in this paragraph.

39.     There are legal and factual questions that are common to Plaintiffs' and Veluchamy – IMWL Overtime Class Members' claims under the IMWL that predominate over any question(s) solely affecting individual members of the class. One such question is whether the Veluchamy Defendants engaged in a pattern, practice, or policy of forcing, suffering, or permitting employees to work in excess of forty hours in a work week and failing to compensate them at one-and-a-half times their regular rate of pay for overtime hours.

**ANSWER**:     Defendant Khouri denies the allegations in this paragraph.

40.     Plaintiffs bring the claims set forth in Count VII, alleging violations of the FLSA overtime requirement, as an opt-in representative or collective action on behalf of themselves and a **"Valid - FLSA Overtime Class,"** consisting of all individuals who worked for Valid at its Bolingbrook facility as an hourly employee between November 30, 2012 and April 1, 2013 and who worked a total of more than forty hours in a workweek. Pursuant to 29 U.S.C. § 216, additional individuals who have joined in bringing these claims are named in the Plaintiffs' original Complaint.

**ANSWER**: Defendant Khouri admits that Plaintiffs' Amended Complaint purports to bring claims alleging violations of the FLSA overtime requirement on behalf of themselves and other current and former employees of Valid. Defendant Khouri denies that the Valid-FLSA Overtime Class as defined in this paragraph is appropriate. Defendant Khouri further denies that Plaintiffs are entitled to any of the requested relief and that Valid violated the FLSA or any other federal or state law or statute. Defendant Khouri denies the remaining allegations in this paragraph.

41. Plaintiffs bring the claims in Count VIII, alleging violations of the IMWL, on behalf of themselves and a **"Valid - IMWL Overtime Class,"** consisting of all individuals who worked for Valid at its Bolingbrook facility as an hourly employee between November 30, 2012 and April 1, 2013 and who worked a total of more than forty hours in a workweek.

**ANSWER**: Defendant Khouri admits that Plaintiffs' Amended Complaint purports to bring claims alleging violations of the IMWL overtime requirement on behalf of themselves and other current and former employees of Valid. Defendant Khouri denies that the Valid-IMWL Overtime Class as defined in this paragraph is appropriate. Defendant Khouri further denies that Plaintiffs are entitled to any of the requested relief and that Valid violated the IMWL or any other federal or state law or statute. Defendant Khouri denies the remaining allegations in this paragraph.

42. There are legal and factual questions that are common to Plaintiffs' and Valid- Illinois Overtime Class Members' claims under the IMWL that predominate over any question(s) solely affecting individual members of the class. One such question is whether Valid engaged in a pattern, practice, or policy of forcing, suffering, or permitting employees to work in excess of forty hours in a work week and failing to compensate them at one-and-a-half times their regular rate of pay for overtime hours.

**ANSWER**: Defendant Khouri denies the allegations in this paragraph.

43.     Plaintiffs bring the claims in Count IX, alleging violations of the IWPCA, on behalf of themselves and an **"UMS and Veluchamy - Vacation Pay Class,"** consisting of all individuals (1) whose employment with UMS terminated on or about November 30, 2012 (2) and had accrued paid vacation days pursuant to UMS's employment policy.

**ANSWER**:     Defendant Khouri admits that Plaintiffs' Amended Complaint purports to bring claims alleging violations of the IWPCA on behalf of themselves and other former employees of UMS. Defendant Khouri denies that the UMS and Veluchamy-Vacation Pay Class as defined in this paragraph is appropriate. Defendant Khouri further denies that Plaintiffs are entitled to any of the requested relief and denies that the UMS Defendants violated the IWPCA or any other federal or state laws. Defendant Khouri denies the remaining allegations in this paragraph.

44.     There are legal and factual questions that are common to Plaintiffs' and the UMS Vacation Pay Class Members' claims under the IWPCA that predominate over any question(s) solely affecting individual members of the class. One such question is whether the UMS Defendants engaged in a pattern, practice, or policy of not paying separated employees the monetary equivalent of all unused vacation time to which they were entitled under the terms of UMS's employment policy.

**ANSWER**:     Defendant Khouri denies the allegations in this paragraph.

45.     Plaintiffs bring the claims in Count X, alleging violations of the IWPCA, on behalf of themselves and an **"Valid - Vacation Pay Class,"** consisting of all individuals, except Tim Hooks, Dan Khouri, and Queta Ramirez, (1) who worked at Valid's Bolingbrook facility after December 1, 2012; (2) who ended their employment with Valid after working 90 days for Valid; and (3) who did not use all three of their floating holidays.

**ANSWER**:     Defendant Khouri admits that Plaintiffs' Amended Complaint purports to bring claims alleging violations of the IWPCA on behalf of themselves and other current and former employees of Valid. Defendant Khouri denies that the Valid-Vacation Pay Class as defined in

this paragraph is appropriate. Defendant Khouri further denies that Plaintiffs are entitled to any of the requested relief and that Valid violated the IWPCA or any other federal or state law or statute. Defendant Khouri denies the remaining allegations in this paragraph.

46.     There are legal and factual questions that are common to Plaintiffs' and the Valid-Vacation Pay Class Members' claims under the IWPCA that predominate over any question(s) solely affecting individual members of the class. One such question is whether Valid engaged in a pattern, practice, or policy of not paying separated employees the monetary equivalent of all unused vacation time to which they were entitled under the terms of Valid's employment policy. **ANSWER**:     Defendant Khouri denies the allegations in this paragraph.

47.     The Classes for whose benefit this action is brought are each so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. **ANSWER**:     Defendant Khouri denies the allegations in this paragraph.

48.     Plaintiffs will fairly and adequately protect the interests of the Classes that they seek to represent. Plaintiffs' claims are typical of the claims of other Class Members because Plaintiffs were hourly employees of UMS and Valid who, like the other members of the Classes, sustained damage arising out of the Defendants' failure to pay overtime premium pay and failure to pay earned vacation time. **ANSWER**:     Defendant Khouri denies the allegations in this paragraph.

49.     Plaintiffs have retained counsel competent and experienced in complex and class action litigation, including wage and hour litigation. **ANSWER**:     Defendant Khouri lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

50.     A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Amended Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum

simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

**ANSWER**:    Defendant Khouri denies the allegations in this paragraph.

51.    The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

**ANSWER**:    Defendant Khouri denies the allegations in this paragraph.

## COUNT I

**UMS – FLSA Overtime Class**

***(Brought by all Plaintiffs against the UMS Defendants)***

52.    Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

**ANSWER**:    Defendant Khouri incorporates by reference each of his preceding answers

as though fully set forth herein.

53.    The UMS Defendants willfully refused to pay overtime premiums required by FLSA, 29 U.S.C. § 207(a), which requires an employer to pay its hourly, non-exempt employees at a rate of not less than one-and-a-half times the regular rate of pay for all hours worked in excess of forty in any workweek.

**ANSWER**:    Defendant Khouri denies the allegations in this paragraph.

54.    The UMS Defendants' FLSA violations were clear and obvious. The miscalculation of the Plaintiffs' regular rate can be determined simply by examining the Plaintiffs' paychecks.

**ANSWER**:    Defendant Khouri denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment against the UMS Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that the UMS Defendants' conduct violated the FLSA.

d. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

**ANSWER**:    Defendant Khouri denies that Plaintiffs are entitled to judgment in their favor or any of the damages or relief recited in this paragraph.


## COUNT II

**UMS – IMWL Overtime Class**

***(Brought by all Plaintiffs and all others similarly situated against the UMS Defendants)***

55.    Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

**ANSWER**:    Defendant Khouri incorporates by reference each of his preceding answers as though fully set forth herein.


56.    This count is brought against the UMS Defendants on behalf of all individuals who worked for UMS as an hourly employee between October 8, 2010 and November 30, 2012 and who worked a total of more than forty hours in a workweek.

**ANSWER**:    Defendant Khouri admits that Plaintiffs' Amended Complaint purports to bring Count II against the UMS Defendants on behalf of the class described in this paragraph.

Defendant Khouri denies that the class as defined in this paragraph is appropriate. Defendant Khouri denies the remaining allegations in this paragraph.


57.    The UMS Defendants refused to pay overtime premiums as required by the IMWL, 820 ILCS 105/4, which requires an employer to pay its hourly, non-exempt employees at a rate of not

less than one-and-a-half times the regular rate of pay for all hours worked in excess of forty in any workweek.

**ANSWER**:     Defendant Khouri denies the allegations in this paragraph.

**PRAYER FOR RELIEF**

Plaintiffs ask the court to enter judgment against the UMS Defendants and issue an order:

a. Certifying a class as defined in this count;

b. Appointing Plaintiffs as representatives of the class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate 820 ILCS 105/4;

e. Awarding unpaid wages due as provided by the IMWL;

f. Awarding prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

g. Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

h. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

i. Providing injunctive relief requiring the UMS Defendants to pay all statutorily-required wages and penalties and barring future violations; and

j. Awarding such other relief as this Court deems just and proper.

**ANSWER**:     Defendant Khouri denies that Plaintiffs are entitled to judgment in their favor or any of the damages or relief recited in this paragraph.


**COUNT III**

**Veluchamy – FLSA Overtime Class**

***(Brought by all Plaintiffs against the Veluchamy Defendants)***

This Count is brought only against the Veluchamy Defendants. Therefore, no answers to the allegations in this count are required from Khouri.


**COUNT IV**

**Veluchamy – IMWL Overtime Class**

*(**Brought by all Plaintiffs and others similarly situated against the Veluchamy Defendants**)*

This Count is brought only against the Veluchamy Defendants. Therefore, no answers to the allegations in this count are required from Khouri.

## COUNT V

**IMWL Minimum Wage Claim**

*(**Brought by Plaintiffs Rocio Martinez and Margarita Villalobos against the UMS Defendants**)*

66. Plaintiffs Rocio Martinez and Margarita Villalobos incorporate by reference each of the preceding allegations as though fully set forth herein.

**ANSWER:** Defendant Khouri incorporates by reference each of his preceding answers as though fully set forth herein.

67. On August 26, 2011, the UMS Defendants failed to pay Plaintiffs at a rate of $8.25 per hour for work performed during the previous payroll period, as required by the IMWL.

**ANSWER**: Defendant Khouri denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment against the UMS Defendants and issue an order:

a. Declaring that the actions complained of herein violate 820 ILCS 105/4;

b. Awarding unpaid wages due as provided by the IMWL;

c. Awarding prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

a. Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

b. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

f. Providing injunctive relief requiring the UMS Defendants to pay all statutorily required wages and penalties and barring future violations; and

g. Awarding such other relief as this Court deems just and proper.

**ANSWER**: Defendant Khouri denies that Plaintiffs are entitled to judgment in their favor or any of the damages or relief recited in this paragraph.

## COUNT VI

**FLSA Minimum Wage Claim**

***(Brought by Plaintiff Rocio Martinez and Margarita Villalobos against the UMS Defendants)***

68.    Plaintiffs Rocio Martinez and Margarita Villalobos incorporate by reference each of the preceding allegations as though fully set forth herein.

**ANSWER**:    Defendant Khouri incorporates by reference each of his preceding answers as though fully set forth herein.

69.    On August 26, 2011, the UMS Defendants willfully failed to pay Plaintiffs at rate of $7.25 per hour for work performed during the previous payroll period, as required by FLSA, 29 U.S.C. § 206(a).

**ANSWER**:    Defendant Khouri denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Plaintiffs Rocio Martinez and Margarita Villalobos ask the court to enter judgment against the UMS Defendants and issue an order:

a. Entering judgment in the amount of all unpaid minimum wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

b. Declaring that the UMS Defendants' conduct violated the FLSA.

c. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

d. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

e. Awarding such other and further relief as this Court deems appropriate and just.

**ANSWER**:    Defendant Khouri denies that Plaintiffs are entitled to judgment in their favor or any of the damages or relief recited in this paragraph.

## COUNT VII

**Valid – FLSA Overtime Class**

***(Brought by all Plaintiffs against Valid)***

This Count is brought only against Defendant Valid. Therefore, no answers to the allegations in this count are required from Khouri.

## COUNT VIII

**Valid – IMWL Overtime Class**

***(Brought by all Plaintiffs and others similarly situated against Valid)***

This Count is brought only against Defendant Valid. Therefore, no answers to the allegations in this count are required from Khouri.

## COUNT IX

**UMS and Veluchamy – Vacation Pay Class**

***(Brought by all Plaintiffs against UMS Defendants and Veluchamy Defendants)***

76.     Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

**ANSWER**:     Defendant Khouri incorporates by reference each of his preceding answers as though fully set forth herein.

77.     This count is brought against the UMS Defendants and Veluchamy Defendants on behalf of: all individuals (1) whose employment with UMS terminated on or about November 30, 2012 and (2) had accrued paid vacation days pursuant to UMS's employment policy.

**ANSWER**:     Defendant Khouri admits that Plaintiffs' Amended Complaint purports to bring Count IX against the UMS Defendants and Veluchamy Defendants on behalf of the class described. Defendant Khouri denies that the class as defined in this paragraph is appropriate. Defendant Khouri denies the remaining allegations in this paragraph.

78.     The UMS Defendants and Veluchamy Defendants refused to pay their employees the monetary equivalent of all unused vacation time earned at the time of separation, in violation of the IWPCA, 820 ILCS 115/5.

**ANSWER**:     Defendant Khouri denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment against the UMS Defendants and Veluchamy Defendants and issue an order:

a. Certifying a class as defined in this count;

b. Appointing Plaintiffs as representatives of the class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violated the IWPCA, 820 ILCS 115/5;

e. Awarding to Plaintiffs and Class Members the monetary equivalent of all unused vacation time and prejudgment interest as provided by the IWPCA;

f. Awarding to Plaintiffs and Class Members penalties in the amount of 2% of the monetary equivalent of all unused vacation time for each month the unpaid vacation time remains delinquent, as contemplated by 820 ILCS 115/14(a);

g. Awarding attorneys' fees and costs of this action as provided by the IWPCA; and

h. Awarding such other relief as this Court deems just and proper.

**ANSWER**: Defendant Khouri denies that Plaintiffs are entitled to judgment in their favor or any of the damages or relief recited in this paragraph.

## COUNT X

**Valid – Vacation Pay Class**

***(Brought by all Plaintiffs against Valid)***

This Count is brought only against Defendant Valid. Therefore, no answers to the allegations in this count are required from Khouri.

## AFFIRMATIVE DEFENSES

1. Defendant Khouri is not liable for any alleged damages because he was not, at any relevant time, an "employer" as that term is defined by the FLSA, IMWL, IWPCA, or any other applicable state or federal law.

2.     To the extent the Court finds that Defendant Khouri took any actions or omissions with respect to Plaintiffs, such acts or omissions concerning or affecting Plaintiffs were undertaken in good faith, on reasonable grounds, and were justified, proper, and lawful.

3.     No act or omission of Defendant Khouri concerning or affecting Plaintiffs was willful, knowing, or in reckless disregard for the provisions of the FLSA, the IMWL, the IWPCA, or any other state or federal law.

4.     Plaintiffs' claims against Khouri are barred and enjoined by the exculpation clause contained in the Order Confirming Chapter 11 Trustee's First Amended Joint Plan of Liquidation for Qualteq, Inc. d/b/a VCT New Jersey and Certain of its Affiliated Chapter 11 Debtors Pursuant to Chapter 11 of the Bankruptcy Code, entered by the United States Bankruptcy Court for the Northern District of Illinois in Case No. 12-05861.

5.     Plaintiffs' purported claims are barred in whole or in part by Plaintiffs' failure to mitigate their alleged damages.

6.     Defendant Khouri at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that his actions did not violate the statutes cited in the Amended Complaint, and Defendant Khouri asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiffs for liquidated damages.

7.     Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent actions taken in connection with Plaintiffs' compensation were done in good faith conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and/or written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

8.     Plaintiffs' purported claims and the claims they seek to assert on behalf of others are barred in whole or in part by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, to the extent any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or any other state or federal law.

9.     Defendant Khouri is not liable for the alleged damages because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Amended Complaint, he did so without knowledge, authorization, or ratification by Defendant Khouri, and Defendant Khouri had no constructive knowledge that Plaintiffs were not compensated as required by the FLSA, IMWL or IWPCA.

10.     To the extent that discovery reveals that there was an agreement with Plaintiffs where time spent during meal breaks would not be counted as hours worked and compensation paid for meal breaks would not be included in their regular rate of pay for purposes of computing overtime, Plaintiffs' claims are barred in whole or in part by 29 U.S.C. § 207(e) and 29 C.F.R. § 778.320(b).

11.     To the extent that the period of time alluded to in the Amended Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), Section 12(a) of the Illinois Minimum Wage Law, 820 ILCS 105/12(a), Section 13-206 of the Illinois Code of Civil Procedure, 735 ILCS 5/13-206, or any other applicable limitations period, such claims are barred.

12.     To the extent that discovery reveals that Plaintiffs failed to accurately report or record their hours, Defendant Khouri hereby invokes the doctrine of estoppel to bar the claims asserted by Plaintiffs.

13.     Plaintiffs' claims are barred to the extent that they failed to bring any mistakes or errors in their paychecks or hours of work to the attention of Defendant Khouri.

14.     Plaintiffs' claims are barred in whole or in part by statutory exclusions, exceptions, setoffs or credits under applicable law.

15.     Pending the conclusion of further discovery and investigation, Defendant Khouri respectfully reserves the right to plead other and additional defenses which may be necessary and proper to the full defense of this litigation. All defenses raised herein shall apply to any and all plaintiffs currently in this case and those who may join in this action in the future.

**TRIAL BY JURY DEMANDED**

Respectfully submitted,

**DAN KHOURI,**
**One of the Defendants.**

By:   /s/ Kenneth A. Henry
            Kenneth A. Henry, His Attorney

KENNETH A. HENRY, ATTORNEY AT LAW (1193457)
Attorney for Defendant Khouri
One North LaSalle Street, Suite 2200
Chicago, IL 60602-3912
312.857.0100/312.857.1157 (fax)
khenry@kahlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 22, 2014, before 5:00 p.m., I electronically filed the foregoing **DEFENDANT DAN KHOURI'S ANSWER TO PLAINTIFFS' AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

Matthew J. Piers, Esq.
Kalman D. Resnick, Esq.
Christopher J. Wilmes, Esq.
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison St., Ste. 4000
Chicago, IL 60602

Staci Ketay Rotman, Esq.
William R. Pokorny, Esq.
Franczek Radelet P.C.
300 S. Wacker Dr., Ste. 3400
Chicago, IL 60606

Joseph R. Mazzone, Esq.
Joseph R. Mazzone, Attorney and Counselor at Law, Ltd.
3033 W. Jefferson St.
Joliet, IL 60435

                                     /s/ Kenneth A. Henry
                                        Kenneth A. Henry, his attorney

KENNETH A. HENRY, ATTORNEY AT LAW (1193457)
Attorney for Defendant Khouri
One North LaSalle Street, Suite 2200
Chicago, IL 60602-3912
312.857.0100/312.857.1157 (fax)
khenry@kahlaw.com