Case: 1:13-cv-07183 Document #: 100 Filed: 04/06/15 Page 1 of 3 PageID #:866 

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROCIO MARTINEZ, MARGARITA VILLALOBOS, ALEJANDRO RAMIREZ, and CHRISTIAN TAPIA, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VALID USA, INC., DANIEL KHOURI, PARAMESWARI VELUCHAMY, PETHINAIDU VELUCHAMY, and TIMOTHY HOOKS,<br><br>Defendants. | CASE NO. 13-cv-7183<br><br>Judge Virginia Kendall<br><br>Magistrate Judge Michael Mason |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND DISMISSING CLAIMS WITH PREJUDICE

Plaintiffs Rocio Martinez, Margarita Villalobos, Alejandro Ramirez, and Christian Tapia and Defendant Valid USA, Inc. ("Valid USA") have reached a proposed Settlement Agreement resolving all claims in this lawsuit. The Plaintiffs have filed an unopposed motion for final approval of the proposed Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having reviewed the Plaintiffs' motion and having held a public hearing on the fairness of the Settlement Agreement, with counsel for all parties present, the Court orders as follows:

1. Pursuant to the Court's December 9, 2014 Order, the Court defines the Settlement Classes as follows:

    An "Overtime Class" consisting of:

    all individuals who worked for Valid USA at its Bolingbrook facility as an hourly employee between December 1, 2012 and April 1, 2013, and who, in any

workweek during that period, worked a total of more than forty hours and received a production bonus or a paid meal period

A "Vacation Pay Class" consisting of:

all individuals, except Tim Hooks, Dan Khouri, and Queta Ramirez, (1) who worked at Valid USA's Bolingbrook facility after December 1, 2012; (2) who were employed by Valid USA for at least 90 days; (3) whose employment with Valid USA terminated on or before November 12, 2014; and (4) who did not use all three of their floating holidays prior to separation of employment from Valid USA.

2. The Court finds that Class Counsel, has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement, including dissemination of the Class Notice and verifying addresses of Class Members whose notices were returned as undeliverable. The Court finds that the direct-mail notice program used in this case satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

3. The Court finds that Valid USA has met all the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4. The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter.

5. The Court hereby dismisses this case with prejudice against Defendant Valid USA. All Class Members herein release and forever discharge Defendant Valid and the other Released Persons from claims outlined and described in Section IV.3. of the Settlement Agreement.

6. The Court directs payment to Class Counsel a total sum of $18,333.33, which amounts to 32% of the common fund created by the Settlement Agreement. The Court finds that this award of attorneys' fees, costs, and expenses fairly represents the market rate of Plaintiff's attorneys services, had their fee been negotiated with the purported class at the outset of the

litigation. This payment shall occur no later than fifteen days after the Settlement Effective Date.[1]

7. The Court directs Valid USA to issue checks to all Class Members who returned valid and timely claim forms as provided in the Settlement Agreement. Valid USA shall deliver these checks to Class Counsel no later than fifteen (15) days after the Settlement Effective Date. The Settlement Amounts awarded to each Class Member are listed in Exhibit D to the Plaintiffs' Memorandum in Support of Their Motion For Final Approval Of Class Action Settlement. Dkt. No. 92.

ENTERED:

United States District Court

Dated: 4-6-15

---

[1] Under the terms of the Settlement, "Settlement Effective Date" means the date on which both of the following have occurred: (1) Final Approval; and (2) the time for appeal has either run without an appeal being filed or any appeal (including any requests for rehearing en banc, petitions for certiorari or appellate review) has been finally resolved.