

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROCIO MARTINEZ, MARGARITA VILLALOBOS, ALEJANDRO RAMIREZ, and CHRISTIAN TAPIA, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VALID USA, INC., DANIEL KHOURI, PARAMESWARI VELUCHAMY, PETHINAIDU VELUCHAMY, and TIMOTHY HOOKS,<br><br>Defendants. | CASE NO. 13-cv-7183<br><br>Judge Virginia Kendall<br><br>Magistrate Judge Michael Mason |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND DISMISSING CLAIMS WITH PREJUDICE

Plaintiffs Rocio Martinez, Margarita Villalobos, Alejandro Ramirez, and Christian Tapia and Defendant Valid USA, Inc. ("Valid USA") have reached a proposed Settlement Agreement resolving the remaining claims in this lawsuit against Defendants Dan Khouri, Timothy Hooks, Pethinaidu Veluchamy, and Parameswari Veluchamy ("the UMS Defendants"). The Plaintiffs have filed an motion for final approval of the proposed Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having reviewed the Plaintiffs' motion and having held a public hearing on the fairness of the Settlement Agreement, with counsel for all parties present, the Court orders as follows:

1. Pursuant to the Court's May 26, 2015 Order, the Court defines the Settlement Classes as follows:

1

all individuals who worked for Unique Mailing Services at its Bolingbrook facility as an hourly employee between October 3, 2010 and December 1, 2012, and who either: (1) worked a total of more than forty hours in a workweek and received a production bonus or a paid meal period, or (2) had unused vacation time when Valid USA purchased Unique Mailing Services in a bankruptcy sale.

2. The Court finds that the Settlement Administrator has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement, including dissemination of the Class Notice and verifying addresses of Class Members whose notices were returned as undeliverable. The Court finds that the direct-mail notice program used in this case satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

3. The Court has determined the terms of the parties' settlement to be a fair, reasonable, and adequate resolution of this matter.

4. The Court hereby dismisses this case with prejudice against the UMS Defendants. All Class Members herein release and forever discharge the UMS Defendants and the other Released Persons from the claims outlined and described in Section IV.4. of the Settlement Agreement.

5. The Court directs payment to Class Counsel a total sum of $25,000.00, which amounts to 33% of the common fund created by the Settlement Agreement. The Court finds that this award of attorneys' fees, costs, and expenses fairly represents the market rate of Plaintiff's attorneys services, had their fee been negotiated with the purported class at the outset of the litigation. This payment shall occur no later than fifteen days after the entry of this Order.

6. The Court directs payment to Simpluris in the amount of $7,000 for their work performed as Settlement Administrator. This payment shall occur no later than fifteen days after the entry of this Order.

7. The Court approves the parties' proposed modification to the Settlement. All settlement checks not cashed within 120 days of their being mailed to Class Members shall be voided and revert to the Qualified Settlement Fund. The first $3,000 of any such uncashed settlement checks shall be paid to Class Counsel and The Law Offices of Ken Henry to reimburse them for the employer share of taxes. Any additional uncashed settlement checks shall be paid to the Cy Pres recipients identified in Section IV. 8 of the parties' settlement agreement.

ENTERED:

_____
Virginia M. Kendall
United States District Court

Dated: 12-4-15

3